[Crim. No. 8003. Fourth Dist., Div. One. Oct. 22, 1975.]

THE PEOPLE, Plaintiff and Appellant, v.
ARTHUR DAVID FARLOW, Defendant and Respondent.

COUNSEL

Edwin L. Miller, Jr., District Attorney, Terry J. Knoepp and F. Dale Marriott, Deputy District Attorneys, for Plaintiff and Appellant.

Charles L. Goldberg, under appointment by the Court of Appeal, Goldberg & Link and Gershon D. Greenblatt for Defendant and Respondent.

OPINION

BROWN (Gerald), P. J.—The People appeal a judgment of dismissal (Pen. Code, § 1385) entered after Arthur David Farlow's motion to suppress evidence was granted.

On July 2, 1974, at 2:40 p.m., Karen West was on a security team stationed at a checkpoint at the San Diego International Airport. It was her third day on the job. The team's duty was to check all persons with carry-on luggage for weapons and bombs.

As Farlow approached the checkpoint, enroute to St. Louis, West asked him for the jacket he was carrying over his arm, in order that she might pat it down for weapons and bombs. Finding a hard lump inside a pocket of the jacket, she removed a crushproof Marlboro cigarette box. Feeling a slight bulge of the box, she looked inside for "a weapon of some kind, a derringer, maybe a bomb." She saw a few cigarettes and an opaque plastic balloon containing a powder substance.[1] Not knowing what it was, but concerned, she called over her supervisor, Debbie Stoner, who took the balloon in hand, and, also being unable to identify its contents, asked the advice of harbor police patrolman, Gary Parks, one of the team standing nearby, whose training and experience included narcotics detection. Parks believed the balloon contained heroin or heroin derivatives, and arrested Farlow.

In its minute order granting the motion to suppress evidence, the trial court found West's belief the cigarette box might contain a derringer to be reasonable. The court specifically held the search of both the jacket and the cigarette box to be authorized by *People* v. *Hyde,* 12 Cal.3d 158 [115 Cal.Rptr. 358, 524 P.2d 830]. However, the court went on to say: "If Miss WEST had been able to identify the balloon as contraband the seizure would have been authorized. Officers need not be blind to contraband found incident to a valid search. However, the scope of the search allowed under the administrative search of PEOPLE v. HYDE, *supra* at page 168, was exceeded, 'Pre-boarding inspections must be confined to minimally intrusive techniques designed solely to disclose the presence of weapons or explosives.' The scope of the permissible search was exceeded when the balloon was handed to Miss STONER and later to Officer PARKS."

On appeal the People contend West's referral to Stoner and Parks to identify the contents of the balloon constituted neither a new search nor an impermissible extension of the previous search.

■ The trial court correctly upheld West's search of the jacket and the cigarette box up to the point of removing the balloon (*People* v. *Kluga,* 32 Cal.App.3d 409 [108 Cal.Rptr. 160]). But the trial court found the fact

---

[1] It was cocaine, weighing 21.8 grams.

West showed the balloon to Stoner and Parks rendered the otherwise valid search invalid,[2] as impermissibly exceeding the scope of an airport search. On this reasoning the search would have been upheld if Parks rather than West had opened the cigarette box as Parks would have immediately recognized the probable contraband nature of the balloon.

Farlow, in effect, characterizes West's conduct as a verification of a hunch. He relies upon *Thomas* v. *Superior Court,* 22 Cal.App.3d 972 [99 Cal.Rptr. 647], in which the arresting and searching officer had no previous *visual* experience in the identification of the particular contraband involved. In that case the absence of experience served to invalidate a seizure, negating the probable cause. In *Thomas,* and other cases cited, the actor-officer arrested or searched on the basis of too few facts to constitute probable cause for his action (see e.g., *Remers* v. *Superior Court,* 2 Cal.3d 659 [87 Cal.Rptr. 202, 470 P.2d 11]; *People* v. *Poole,* 48 Cal.App.3d 881 [122 Cal.Rptr. 87]; *Filitti* v. *Superior Court,* 23 Cal.App.3d 930 [100 Cal.Rptr. 583]). *Thomas* is inapposite where, as here, one in the course of a *lawful* search discovers an unusual item in an unusual place and who seeks only to identify that item before taking further action, if any. Here West was legally searching for weapons and bombs when she opened a cigarette box which contained something other than cigarettes. True, she did not possess the knowledge or experience to recognize the balloon's contraband nature, but the fact she sought to identify its contents by referring it to other members of her inspection team, standing nearby, and rule out its being some kind of bomb, cannot be said to constitute an unreasonable extension of an airport search. Plastic containers, such as the one here, might hold explosives, as indeed the magistrate stated at the preliminary examination in this case.

"The fact that airport searches, by virtue of sheer numbers, will inevitably lead to the detection of some individuals involved in criminal conduct unrelated to the commandeering or destruction of aircraft does not alter the fundamentally administrative character of the screening procedure. If the initial intrusion is justifiable as part of a regulatory effort to prevent the hijacking of airplanes, the incidental discovery of contraband does not offend the Fourth Amendment. [Citation.]

"Like all searches subject to the Fourth Amendment, an administrative screening must be measured against the constitutional mandate of reasonableness." (*People* v. *Hyde, supra,* 12 Cal.3d 158, 166.)

---

[2]The record affirmatively shows the balloon was never opened after being removed from the cigarette box and before Farlow's arrest. Thus it cannot be argued that another, later search occurred.

The officers' conduct was reasonable.

Accordingly, the judgment of dismissal is reversed and the trial court is directed to deny the motion to suppress evidence.

Ault, J., and Cologne, J., concurred.

A petition for a rehearing was denied November 4, 1975, and respondent's petition for a hearing by the Supreme Court was denied December 17, 1975.